## Case No. 5,688.

GRANNIS v. BEARDSLEY et al.[1]

District Court, D. Connecticut. June 24, 1874.

Circuit Court, D. Connecticut. May 27, 1876.

BANKRUPTCY—UNLAWFUL PREFERENCES.

[Notes and mortgage assigned by an insolvent debtor to a creditor about a month before an adjudication of bankruptcy, as security for pre-existing indebtedness and a small additional loan, *held* void under section 35 of the bankrupt act of 1867 [14 Stat. 534], as made with intent to create a preference.]

Before SHIPMAN, District Judge.

This is a bill in equity brought by Caleb A. Grannis, the assignee in bankruptcy of Chas. H. Fogg, to set aside the assignment by the bankrupt to the defendants, Beardsley, Wilson & Co., of two notes of $500 each and a mortgage securing the same, on the ground that said assignment was made in violation of the 35th section of the bankrupt act, and for a delivery of said notes and mortgage to the assignee.

The facts found upon the trial to be true are as follows: Chas. H. Fogg was adjudicated a bankrupt on January 6th, 1874, upon his own petition filed January 2d, 1874. The plaintiff and Anan Stillson, now deceased, were duly appointed assignees of the estate of said bankrupt, and received a deed of said estate from the proper officer. On De-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[1] [Not previously reported.]

cember 4th, 1873, said Fogg was indebted to the defendants in the sum of $500, evidenced by his promissory note for that sum, theretofore given, and maturing on that day; and also in the additional sum of $958.83, evidenced by book account, all of which was due for lumber sold by the said defendants to said Fogg. Said note had been discounted at bank for the benefit of the defendant. On said December 4th, 1873, said Fogg endorsed in blank, assigned and delivered to the defendants two notes made by William Annesley, payable to said Fogg or order, each for the sum of $500, and also assigned, by instrument in writing, and delivered to the defendants, a mortgage upon a parcel of real estate situate in Bridgeport, Conn., to secure the payment of said two Annesley notes, which mortgage and notes and assignment of said mortgage are correctly described in the petition.

Said Fogg at the time of said assignment informed the defendants of his inability to pay his $500 note which then matured, and, if they would loan him more money, offered to assign said two Annesley notes and mortgage as security for all his indebtedness to them. They thereupon did advance him $300, less $9 interest, took up at bank said $500 note, and received said assignment of said Annesley notes. The sole motive of their additional loan of $300 was to obtain said security for their pre-existing indebtedness. The said notes and mortgage were thereupon assigned and delivered as collateral security for all said indebtedness amounting to $1,749.83. Said Fogg was on said day insolvent, and made said sale and assignment of said two Annesley notes and mortgage to the defendants with a view to give a preference to said Beardsley, Wilson & Co., who were his creditors, and to prevent his property from coming to his assignee in bankruptcy, and to evade the provisions of the bankrupt act. Said Fogg was aware of his insolvency.

Said Beardsley, Wilson & Co. were aware of said insolvency, and had reasonable cause to believe that said sale and assignment was made by said Fogg in fraud of the provisions of the bankrupt act, and to grant them a preference, and to evade said provisions, and the defendants made said advance of $291 and received said assignment with a view to obtain a preference over the other creditors of said Fogg, and to obtain security for said pre-existing indebtedness. Said assignment was made within the period of four months before the filing of said petition in bankruptcy. The estate of said Fogg is deeply insolvent. Said Annesley notes and mortgage are now held by and are in the possession of the defendants. Prior to the issuing of the subpoena in this case, the petitioner made demand upon them for the same. Let a decree be entered, ordering said Beardsley, Wilson & Co. to deliver said notes and mortgage and a written assignment thereof to said assignee, and pay the taxed costs of said petition.

[On appeal the following opinion was rendered by the circuit court:]

JOHNSON, Circuit Judge. I have examined the testimony and the points made by the counsel since the conclusion of the argument, and am satisfied that the impressions which I received upon the hearing are correct. I entirely agree in the conclusions of fact arrived at by the learned district judge. The insolvency of Fogg is clearly made out, and, notwithstanding the denials of the parties concerned, the circumstances lead irresistibly, to my mind, to the conclusion that the defendants as well as Fogg were aware of it. That a preference was actually effected by the transfer of the Annesley notes and mortgage is clear. The evidence satisfies me that Fogg intended a preference, and that, to say the least, the defendants had reasonable cause to believe that such was the purpose of the transaction. Indeed, I cannot understand how the operation can have had any other purpose, in a business point of view, on their part, than to secure a preference. Entertaining these views, I must direct an affirmance of the decree of the district court, with costs.